IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-21148
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE OROZCO-SANCHEZ,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-95-CR-161-8
- - - - - - - - - -
August 26, 1997

Before JONES, SMITH, and STEWART, Circuit Judges.

PER CURIAM:[*]

José Orozco-Sanchez (Orozco) pleaded guilty to his role as a kidnapper in furtherance of a conspiracy to possess with the intent to distribute cocaine. Orozco challenges a two point increase in his total offense level for possession of a weapon pursuant to U.S.S.G. § 2D1.1(b). We have reviewed the record and the briefs and find that the district court's determination that a codefendant's possession of a firearm during the kidnaping was reasonably foreseeable to Orozco was not clearly erroneous. See

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

United States v. Aguilera-Zapata, 901 F.2d 1209, 1215 (5th Cir. 1990).

We note that in the plea agreement Orozco agreed to waive his right to appeal his sentence except in certain circumstances which do not exist here.  However, the Government makes no mention on appeal of this waiver.  Nor has the transcript of the plea hearing been included in the appellate record, which precludes us from determining whether or not the waiver was informed and voluntary.  The knowing and voluntary waiver in a plea agreement of the right to appeal has been approved by this court.  See United States v. Portillo, 18 F.3d 290, 292-93 (5th Cir. 1994); United States v. Melancon, 972 F.2d 566, 567 (5th Cir. 1992).  We are at a loss to understand why the Government has not raised the issue in this case.

AFFIRMED.